**Todd M. Friedman (216752)**
**Suren N. Weerasuriya (278521)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr. #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAVIS WATSON, individually and on behalf of all others similarly situated,** ) | Case No. |
| ) | |
| **Plaintiff,** ) | **CLASS ACTION** |
| ) | |
| **vs.** ) | **CLASS ACTION COMPLAINT** |
| ) | **FOR DAMAGES** |
| **CAPITAL MANAGEMENT** ) | |
| **SERVICES, L.P.,** ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

### INTRODUCTION

1.    Plaintiff, Mavis Watson ("Plaintiff"), bring this action on behalf of herself and all others situated as a result of false, deceptive and unfair debt-collection practices promulgated by Defendant, Capital Management Services,

1
**CLASS ACTION COMPLAINT**

L.P. ("Defendant"), in an effort to induce consumers to make a payment on alleged consumer debts in which the applicable statute of limitations has expired and thus renewing Breach of Contract claims that Defendant and/or its creditor clients failed to bring in a timely manner against consumers when they failed to advise Plaintiff and consumers that the applicable statute of limitations had previously expired when seeking to collect the alleged debt; and Plaintiff also brings this action against Defendant for charging illegal interest to Plaintiff after the charge-off date.

2.      Plaintiff, individually and on behalf of all others similarly situated, alleges that within the one (1) year preceding the filing of this Complaint, Defendant attempted to collect a consumer debt from her and other consumers by systematically preparing and sending via U.S. postal mail written collection correspondences (commonly referred to in the collection industry as "dunning letters") which failed to advise Plaintiff and the putative class that the applicable statute(s) of limitations for filing legal claims to collect on those debts had expired ("time-barred debts"), and thus, that legal claims cannot be brought against them past of the statute of limitations and that making even the smallest of payments renews the expired statutes of limitations; Furthermore, Plaintiff, individually and on behalf of all others similarly situated, alleges that Defendant charged Plaintiff illegal interest, and attempted to collect thereon.

3.      The FTC has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least the following ways: 1) since most consumers do not know or understand their legal rights regarding the collection of time-barred debts, efforts to collect on such debts may create a misleading impression that the consumer has no defense to a lawsuit; and 2) consumers often do not know that in many states, making even the smallest of payments on a time-barred debt actually renews statute of limitations on that debt. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a

**CLASS ACTION COMPLAINT**

time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Fed. Trade Comm'n,* The Structure and Practice of the Debt Buying Industry, 47(2013) (FTC Report 2013).

4.     Reflective of the importance of advising consumers of when a debt is beyond the statute of limitations is the consent decree between the FTC and Asset Acceptance, LLC requiring it to disclose to consumers *whether it knows or believes that a debt was incurred outside the limitations period*, the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182–T–27EAJ (M.D.Fla.2012).

5.     Further, Plaintiff, individually and on behalf of all others similarly situated, seeks redress as a result of Defendant systematically preparing and delivering via U.S. postal mail, written debt collection correspondence to Plaintiff and the putative class seeking to collect on time-barred debts which misleads Plaintiff and the putative class into believing that the alleged time-barred debt was legally enforceable when it in fact was not.  Plaintiff, individually and on behalf of all others similarly situated, also alleges that Defendant charged, and attempted to collect thereon, illegal interest.

6.     Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is incredibly likely that an unsophisticated consumer would believe a letter that offers to "settle" a debt implies that the debt is legally enforceable. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (2014).  Such conduct is also inherently deceptive and misleads the least-sophisticated consumer to believe that Defendant is lawfully able to charge interest to Plaintiff's account.  After all, in addition to the laws regulating post charge-off interest on consumer debts, most consumers do not understand their rights with regards to time-barred debts. *Fed. Trade Comm'n,* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010).

3
**CLASS ACTION COMPLAINT**

7.     Defendant's acts and omissions were intentional, and resulted from Defendant's intention to mislead Plaintiff and the putative class into making payments, which would renew the applicable expired statute of limitations, thereby allowing Defendant and/or its creditor client(s) to subsequently file legal claims against Plaintiff and the putative class who had otherwise had available to them that affirmative defense to any such time-barred lawsuit prior to making such falsely and unfairly induced payments.

8.     Defendant's acts and omissions were intentional, and resulted from Defendant's intention to mislead Plaintiff and the putative class into thinking that post charge-off interest was legally and properly charged to her account.

9.     As a result, Plaintiff brings the instant class action claims against Defendant seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA") which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*.

## JURISDICTON AND VENUE

10.     The Court has jurisdiction over Plaintiff's and the putative class' claims pursuant to *28 U.S.C. §1331* as said claims arise under the laws of the United States of America.

11.     Venue is proper in the Central District of California pursuant to *18 U.S.C. § 1391(b)* because Defendant does business within the Central District of California, and because Plaintiff is a resident of Lancaster, California, and within this judicial district.

## PARTIES

12.     Plaintiff is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, *15 U.S.C. §1692a(3)*.

**CLASS ACTION COMPLAINT**

13.     Defendant is a limited liability company based in Buffalo, New York, which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, *15 U.S.C. §1692(a)6*.

14.     The alleged debts that Defendant attempted to collect from Plaintiff and the putative class are "debt(s)," under the FDCPA, *15 U.S.C. §1692a(5)*.

## FACTUAL ALLEGATIONS

15.     Beginning on or about November 4, 2014, Defendant began communicating and/or attempting to communicate with Plaintiff seeking the collection of an allegedly delinquent and owed debt previously owed to an original creditor, but which was purchased by or otherwise assigned to Defendant.

16.     The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17.     On or around November 4, 2014, Defendant or caused to be sent a dunning letter to Plaintiff in an attempt to collect on the alleged debt owed.

18.     Said dunning letter explained to Plaintiff that she could be relieved of the alleged obligation to pay the alleged debt if she adhered to and accepted Defendant's offer, as laid out in said dunning letter.

19.     However, Defendant's offer within the letter would lead (and did lead Plaintiff) the "least sophisticated consumer" to believe that legal action against her was imminent.

20.     Plaintiff is informed, believes and thereon alleges that Plaintiff had not made any payment(s) on the alleged in the four years prior to November 4, 2014.

**CLASS ACTION COMPLAINT**

21.     Plaintiff is informed, believes and thereon alleges that as a result of Plaintiff's lack of any payment(s) on the alleged debt within the four years prior to November 4, 2014, the alleged debt Defendant sought to collect was beyond the applicable four year statute of limitations imposed in the State of California for a breach of written contract claim.

22.     However, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of November 4, 2014), nowhere in Defendant's November 4, 2014 correspondence to Plaintiff does it provide Plaintiff any information regarding the statute of limitations whatsoever.

23.     Further, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of November 4, 2014), nowhere in Defendant's November 4, 2014 correspondence to Plaintiff does it advise Plaintiff that litigation against Plaintiff pertaining to the alleged debt sought by Defendant is barred by the applicable statute of limitations.

24.     Further, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of November 4, 2014), nowhere in Defendant's November 4, 2014 correspondence to Plaintiff does it advise Plaintiff that should Plaintiff make a payment to Defendant towards the alleged debt sought by Defendant, that any such payment would revive the applicable statute of limitations and allow Defendant the opportunity to initiate litigation against Plaintiff seeking to recover the alleged debt in full, in addition to potentially attorneys' fees and costs per the alleged contract.

25.     Defendant purposefully omitted disclosing to Plaintiff the fact that the alleged debt was barred by the applicable statute of limitations and/or that by making any such payment towards the alleged debt that Plaintiff would revive said statute of limitations and strip Plaintiff of her affirmative defense should Defendant opt to initiate litigation against her on the time barred debt.

26.     Defendant's intention in omitting such information was to deceive and induce Plaintiff into making payment towards the alleged debt, as Defendant

was cognizant of the fact that Plaintiff, like many other consumers, would not make any such payments to Defendant should Plaintiff be made aware that the alleged debt was barred by the statute of limitations and/or that making any such payments would revive said statute.

27.    Defendant opted to utilize such words and language in its November 4, 2014 correspondence due to its association and/or proximity to the litigation context.

28.    As such, and as intended by Defendant, the least sophisticated consumer would, and in fact likely did, interpret Defendant's November 4, 2014 correspondence to infer that the alleged debt was legally enforceable despite the fact that the alleged debt was time barred by the applicable statute of limitations.

29.    Finally, said dunning letter also charged illegal interest to Plaintiff's account, expecting Plaintiff to pay thereon.

30.    This alleged debt at one time was charged-off by the original creditor.  Because of this charge-off, the original creditor ceased communications with Plaintiff.

31.    At the time of the charge-off date, the original creditor ceased charging and collecting interest on the alleged debt.

32.    Defendant then purchased the alleged debt from the original creditor; it took all rights, title, and interest of the original creditor existing as of the date of the purchase of the debt.

33.    Defendant did not acquire from the original creditor any right to add post charge-off interest to the alleged debt.

34.    Upon information and belief, Defendant knew and understood, when it purchased the alleged debt, that no additional interest accrued, or could accrue, on the alleged debt after the charge-off date.

35.    However, Defendant's letter dated November 4, 2014, to Plaintiff shows that interest has been illegally charged to Plaintiff's account by Defendant.

36.     By seeking and attempting to collect from Plaintiff's post charge-off interest on the alleged debt, that Defendant does not have a right to collect, Defendant is in violation of 15 U.S.C. §§ 1692(e), 1692(e)(2)(A), 1692(e)(5), 1692(e)(10), 1692(f) and 1692(f)(1).

## Class Allegations

37.     Plaintiff brings this class action individually and on behalf of all others similarly situated ("the Class").

38.     Plaintiff represents, and is a member of the following classes:

**a.** All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that their debts, which are time-barred, are past the statutes of limitations;

**b.** All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that Defendant cannot sue to recover the time-barred debts;

**c.** All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that making payments on their time-barred debts would renew the statutes of limitations on said debts;

**d.** All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant wherein said collection correspondence states and/or implies that Plaintiff was charged interest in addition to the original balance allegedly owed.

39.   As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of time-barred debts that Defendant sought to collect from them. Defendant misled Plaintiff and the Class into believing that making payments on time-barred debts is legally inconsequential. They have also been mislead, through the use of the "dunning" letter, into they owed more than Defendant was legally allowed to collect.

40.   Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41.   This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

43.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

**CLASS ACTION COMPLAINT**

**a**. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers on time-barred debts that:

   i. Failed to disclose the particular statute of limitations for the debt, and that the debt was time-barred;

   ii. Failed to disclose that Defendant cannot bring legal action against the debtor or consumer because the debt is time-barred;

   iii. Failed to disclose that the consumer or debtor making payment to Defendant renews the statute of limitations on the time-barred debt;

**b**. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers charging said debtors and consumers illegal interest in addition to said debtors' and consumers' original charge-off balance.

**c**. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

 d. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

46.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

48.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

50.  Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

51.  A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C.*

11
**CLASS ACTION COMPLAINT**

§1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

52.   A debt collector may not use false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. *15 U.S.C.* § 1692e(10).   By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

53.   A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

54.   A debt collect may not collect an amount from Plaintiff that is not expressly authorized by the agreement creating the debt. *15 U.S.C.* § 1692(f)(1). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

55.   A debt collect may not collect an amount from Plaintiff that is not permitted by law. *15 U.S.C.* § 1692(f)(1). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

56.   As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

     a.   That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

     b.   For statutory damages of $1,000.00 for Plaintiff and each member of

The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**<u>Second Cause of Action: Violation of the<br>Rosenthal Fair Debt Collection Practices Act</u>**

57.     Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

58.     Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

59.     Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

60.     As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

///

///

## **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grants Plaintiff and the Class members the following relief against Defendant:

**a.** That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

**b.** For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

**c.** .For actual damages according to proof;

**d.** For reasonable attorneys' fees and costs of suit;

**e.** For prejudgment interest at the legal rate; and

**f.** For such further relief as this Court deems necessary, just, and proper.

## **Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: October 7, 2015

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

14
**CLASS ACTION COMPLAINT**